In the Matter of ALAN PAUL ANSELL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 22, 1991

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* for petitioner.

*Irving A. Cohn* for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding the respondent was charged with 12

allegations of professional misconduct. The Special Referee sustained .Charges One, Two, Four, Five, Six, Seven, Eight, Ten, Eleven and Twelve. The petitioner moves to confirm the report of the Special Referee in full. The respondent has submitted an affidavit setting forth mitigating factors.

Charge One alleged that the respondent neglected a divorce action he was retained to handle on or about November 7, 1983, and for which he received a $2,500 legal fee. Thereafter, the respondent repeatedly adjourned depositions, canceled appointments and failed to return his client's telephone calls. Furthermore, in an attempt to conceal his neglect and to mislead his client, the respondent notified his client that her case had been placed on the court calendar when in fact no note of issue had been filed.

Charge Two alleged that the respondent failed to cooperate with the investigations by the Grievance Committee and the Nassau County Bar Association of his alleged neglect of the divorce action. The respondent failed to respond to written requests for an answer to the complaint filed against him.

Charge Four alleged that the respondent neglected a corporate litigation matter he was retained to handle on or about August 22, 1983, and for which he was paid a $5,000 legal fee. The respondent, with knowledge that a delay would prejudice his client's action, failed to expeditiously commence a legal action on behalf of his client.

Charge Five alleged that the respondent neglected another legal matter he was retained to handle in or about June 1983 and for which he received a $1,750 legal fee. The respondent failed to commence the lawsuit against his client's former employer for alleged underpayment of the client's retirement fund.

Charge Six alleged that the respondent failed to cooperate with the investigations by the Grievance Committee and the Nassau County Bar Association of his alleged neglect of the matter discussed in Charge Five. The respondent failed to respond to written requests seeking his answer to the complaint filed against him.

Charge Seven alleged that the respondent neglected three legal actions which he was retained to handle in or about December 1982 on behalf of a board of managers of a condominium complex and for which he received a $15,000 legal fee. The respondent failed to commence any legal actions. Furthermore, in an effort to conceal his neglect and deceive

his client, the respondent falsely advised his client that a summons and complaint had been served on each of the three defendants. After being discharged by his client in September 1984, the respondent failed to transfer his client's files to his client's new attorney, despite requests that he do so. The respondent continued thereafter to withhold one of his client's files.

Charge Eight alleged that the respondent failed to cooperate with investigations by the Grievance Committee and the Nassau County Bar Association of his alleged neglect of the three lawsuits. The respondent failed to respond to written requests from the Bar Association to answer the complaint filed against him. Although he answered the complaint after receiving a request from the Grievance Committee, the respondent failed to submit answers to additional allegations made against him despite requests that he do so.

Charge Ten alleged that the respondent neglected an action against a condominium complex for use of recreational facilities which he was retained to handle on or about July 14, 1983, and for which he received a legal fee of $810. The respondent misled and deceived his clients for over two years by falsely advising them that a lawsuit had been commenced.

Charge Eleven alleged that the respondent failed to cooperate with an investigation by the Grievance Committee into his alleged neglect of the action against the condominium complex by failing to submit an answer to the complaint despite a written request that he do so.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee to the extent that it sustains Charges One, Two, Four, Five, Six, Seven, Eight, Ten and Eleven. Charge Twelve was not sustained by the evidence. The respondent is guilty of the misconduct set forth in Charges One, Two, Four, Five, Six, Seven, Eight, Ten and Eleven. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted to the extent that it seeks to confirm Charges One, Two, Four, Five, Six, Seven, Eight, Ten and Eleven and denied to the extent that it seeks to sustain Charge Twelve.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the contriteness expressed by the respondent and the mitigating circumstances he has advanced. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent

is suspended from the practice of law for a period of five years commencing August 23, 1991, and until the further order of this court.

Mangano, P. J., Thompson, Bracken, Kunzeman and Sullivan, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that it confirms Charges One, Two, Four, Five, Six, Seven, Eight, Ten and Eleven and denied to the extent that it sustains Charge Twelve; and it is further,

Ordered that the respondent Alan Paul Ansell is suspended from the practice of law for a period of five years, commencing August 23, 1991, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of five years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Alan Paul Ansell is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.